# CASES

## ARGUED AND DETERMINED

### IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

**BEARD v. MANLEY et al.**

(Circuit Court of Appeals, First Circuit. January 26, 1926.)

No. 1859.

**Vendor and purchaser ⬦⟶44—Evidence held not to show agreements in consideration of extension of option to purchase were procured by fraud or coercion.**

Where plaintiff, in order to secure extension of option to purchase realty, conveyed realty to defendants under agreement that, on making certain payments, realty should be reconveyed, and subsequently, to obtain further extension, agreed that conveyance should be absolute if option, as extended, was not exercised, evidence *held* not to show that such agreements were due to fraud or coercion of plaintiff.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by Herbert A. Beard against John B. Manley and another. Decree for defendants, and plaintiff appeals. Affirmed.

Alfred E. Lunt, of Boston, Mass., for appellant.

Clifford H. Frost, of Boston, Mass. (Arthur L. Doggett, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. Herbert A. Beard was engaged in the real estate business in Lynn, Mass., and, on August 25, 1922, entered into an agreement with the defendants whereby they agreed to convey to him on or before October 2, 1922, certain real estate in Lyndonville, Vt., in exchange for a deed from him of certain real estate in Lynn, which was heavily mortgaged, and the payment of $40,000, of which $5,000 was to be paid on September 9, 1922, and the balance upon the exchange of deeds.

The Lyndonville property had formerly

been the summer home of Theodore N. Vail, and comprised about 250 acres of land, on which there was a 100-room house and various other buildings.

The plaintiff, not being able to meet the payment due from him on September 9, 1922, on or about that date procured an extension of the option from the defendants, which would expire December 9, 1922, and delivered to them a deed of his property in Lynn, with the understanding that they should deed it back when the plaintiff had paid $5,000 for each period of 30 days, or part thereof, for which the option ran. This deed was recorded.

The plaintiff made unsuccessful attempts to raise money upon the real estate in Lyndonville which he was to acquire, and, being unable to do so, he entered into the following agreement with the defendants:

"Boston, Mass., January 3, 1923.

"Agreement between Herbert A. Beard and Grapes & Manley:

"In consideration that you extend option and agreement given me under dates of August 25 and September 9, 1922, to purchase the Theodore N. Vail estate, which option expired December 9, 1922, and by this agreement to be extended to January 24, 1923, I hereby agree that, in case I do not exercise said option and complete the purchase of said Vail estate on or before said January 24, 1923, the deed which I executed and delivered to you on September 9, 1922, covering real estate owned by me at Tremont Street Court in Lynn, Mass., shall become absolute on January 25, 1923. Thereafter I will claim no rights, title, or interest in and to the property described in said deed.

"Herbert A. Beard.

"Grapes & Manley,

"By J. B. Manley.

"Rose G. Mulligan, Witness."

On January 24, 1923, the plaintiff had not availed himself of his option to purchase the Vail estate, and on that date, by an agreement in writing, gave full and complete possession to the defendants of the real estate described in the deed of September 7, 1922, and agreed that he would operate and care for the property, collecting the rents and paying all bills incurred thereon, except insurance or taxes or assessments against the property, for one-half the gross receipts received by him from the rentals and the income of a storage business conducted upon said property, and that he would deposit to the credit of the defendants each week their half of the total gross receipts.

On October 5, 1923, the plaintiff filed a bill of complaint, seeking to have the deed of September 7, 1922, by which he conveyed the Lynn real estate to the defendants, adjudged and decreed to be void and of no effect, and for further relief.

After hearing the plaintiff's evidence, the judge of the District Court entered a final decree, dismissing this bill of complaint and awarding costs to the defendants, from which decree this appeal has been taken.

The errors assigned are, in substance, that the court erred in not finding that the agreement of August 25, 1922, between the plaintiff and defendants, was void and of no effect, and therefore should be set aside and canceled; in not finding that the defendants fraudulently induced the plaintiff to sign the agreements of September 9, 1922, January 3, 1923, and January 24, 1923, and that by deception and fraud in recording the deed of September 7, 1922, the defendants injured the financial standing of the plaintiff, so that he was unable to meet his obligations to them; in not finding that the defendants delayed and prevented the plaintiff from asserting his rights against the defendants with respect to his Lynn property; in not finding that the defendants defrauded and coerced the plaintiff in obtaining his signature to the agreement of September 9, 1922; and in not finding that the contract of January 3, 1923, was broken by the defendants, and that the plaintiff was thereby released from its conditions and consequences; also that the court erred in not relieving the plaintiff from forfeiture of his property.

Grapes & Manley owned the Lyndonville property as tenants in common, and while the agreement of August 25, 1922, was signed "Grapes & Manley, by J. B. Manley," instead of being signed by each of the tenants in common, Manley testified that he was authorized by his tenant in common to sign his name to this agreement.

The evidence is uncontradicted that Grapes ratified this agreement, and, while the question is not now before us, we think there was sufficient evidence upon which both Grapes and Manley could in equity have been held to the performance of this agreement, which the parties all treated as legal and binding upon them.

The facts are within a small compass: The plaintiff, for the purpose of securing an option for the purchase of this large property in Lyndonville, and relying upon his expectation that he would be able to raise sufficient money upon it to enable him to carry out his agreement with the defendants, was willing to convey to them his real estate in Lynn, and to execute thereafter an agreement by which title to the defendants under said deed should become absolute. Having failed to find any party or parties who would, upon the security afforded by the Lyndonville property, loan him the money necessary to carry out his agreement, and the mortgagees holding mortgages upon his Lynn property pressing him for payment, he was compelled to yield full possession to the defendants of his real estate in Lynn.

Because of his disappointed hopes he now seeks a cancellation of the deed which he gave, on the ground that he was defrauded and deceived.

After a careful study of all the evidence we are unable to find any testimony which supports the charge of fraud or coercion. The agreement with the defendants was entered into in good faith by the plaintiff, and in evident reliance upon his hopes of securing a large loan upon the Lyndonville property when he might acquire it, which would enable him to carry out this agreement. With knowledge that the deed of the Lynn property, dated September 7, 1922, had been recorded by the defendants, in order that he might secure an extension of the option given to him by the defendants, he entered into the agreement of January 3, 1923, by which he agreed that the deed should become absolute on January 25, 1923, and that he would claim no right, title, or interest thereafter in the property thereby conveyed.

He never made any payment to the defendants, and has never received any deed from them, but did receive the option for which he contracted.

No fraud or coercion having been found by the District Court, and none appearing in

the record presented to us, the entry must be:

The decree of the District Court is affirmed, with costs to the appellees in this court.